STATE *vs.* ARAM K. BERBERIAN.

OCTOBER 26, 1964.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a criminal complaint and warrant charging the defendant with the violation of P. L. 1950, chap. 2595, art. XXVI, sec. 1, subsec. (b), and all amendments and additions thereto. The complaint was sworn to on October 20, 1954. The offense is alleged therein to have been committed on October 13, 1954 on Point street at or near its intersection with Chestnut street in the city of Providence.

After being found guilty in the district court of the sixth judicial district defendant appealed to the superior court where he waived his right to trial by jury. The case was

heard by a justice of that court who found defendant guilty and sentenced him to pay a fine of $50 and costs. The defendant excepted thereto and has duly prosecuted such exception to this court.

The offense charged against defendant is that he

"Being the operator and person in charge and control of a certain vehicle, to wit, an automobile on a certain public highway, in said City of Providence; to wit, Point Street, did unlawfully, while not passing a vehicle ahead, failed to keep to the right and as close as practicable to the right hand curb or edge of the roadway, but on the contrary thereof, passed and drove to the left side of said Point Street near the intersection of Chestnut Street, in violation of the provisions of Chapter 2595 of the Public Laws of Rhode Island, 1950, Article XXVI, Section I Sub-Section B and all amendments and additions thereto."

At the time of the commission of the alleged offense said subsection (b) read as follows:

"Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway."

There is no evidence that defendant was proceeding "at less than the normal speed of traffic * * *." On the contrary, the prosecuting witness, a police officer of the city of Providence, testified that he first saw defendant's car "coming down Point Street left center of the highway. Approximately two hundred yards away I observed this car coming towards me, left center of the highway all the way down to the intersection of Chestnut Street where I signaled the car to stop. The car made a left hand turn onto Chestnut Street and pulled into the right curb." The

witness further testified that Point street was a four-lane highway and he later admitted on cross-examination that defendant's car was possibly a foot over in the fourth lane and not over to his extreme left.

The defendant testified that he was proceeding easterly on Point street with the intention to make a left turn into Chestnut street and that as he approached the intersection of Parsonage street and Point street he noticed a double line of cars stopped on Point street; that he stopped at the end of the line; and that while he was stopped in the center lane he saw a red light at the intersection of Richmond street and Point street beyond Chestnut street and a police officer standing at the intersection of Chestnut street and Point street, but that no traffic was moving westerly on Point street.

He further testified that observing this situation he pulled over into the fourth lane and continued easterly along Point street toward Chestnut street where he turned left into that street. At that time he heard the officer blow his whistle and he stopped at the curb and gave the officer his license and registration. He estimated that approximately five seconds elapsed from the time he started from his stopped position on Point street until he was stopped at Chestnut street, a distance of about 200 feet. He further testified that during such time no traffic moved westerly towards him on Point street.

There is no contradiction of this testimony. It is evident therefrom that defendant was not proceeding "at less than the normal speed of traffic" but that the traffic was stopped; that to avoid waiting for the signal for it to move he left the traffic line; and that he proceeded over into the fourth lane as he approached Chestnut street where he made a left turn. It is further evident that his speed in doing so could scarcely be described as "less than the normal speed of traffic at the time and place" both because he traveled the distance of 200 feet in about five seconds and

because the traffic in line at that time was not moving at all but was stopped.

The complaint alleges that defendant was violating sub. sec. (b). The defendant contends that he was not violating that subsection since he was preparing to make a left turn into Chestnut street and such a turn is especially excepted from the mandatory language of the subsection.

It is noteworthy that at one point in the direct examination of defendant his counsel was stopped by the trial justice from interrogating defendant as to his rate of travel when he pulled out of the traffic line from his stationary position and moved into Chestnut street. The trial justice observed that any question of speed was immaterial because defendant was not charged with speeding; this notwithstanding that the very language of the subsection which defendant was charged with violating refers specifically to "less than the normal speed * * *."

It would seem from this incident that the trial justice was not aware that defendant was on trial for violating P. L. 1950, chap. 2595, art. XXVI, sec. 1, subsec. (b), as it stood on October 13, 1954. In his decision he indicates that defendant is being charged with violating G. L. 1956, §31-15-1. He quotes therefrom and states that defendant is charged with the violation thereof which says: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction * * *." Predicating his decision on that language he found defendant guilty. But §31-15-1 is not the statute defendant is charged in the complaint with violating. Public laws 1950, chap. 2595, art. XXVI, sec. 1, subsec. (b), is now G. L. 1956, §31-15-2.

Since it is apparent from the record that there is no evidence tending to prove any violation of subsec. (b) as charged in the complaint and warrant, and since it clearly appears that the trial justice misconceived the applicable

statute for the violation of which the defendant was being tried, his conviction must be held to be erroneous.

The defendant's exception to the trial justice's decision is sustained, and the case is remitted to the superior court with direction to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.